**FILED**
August 25, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RAYMUNDO MARQUEZ ROCHA, A# 221 376 834,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, Karnes County Immigration Processing Center, ET AL.,**<br><br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **NO. SA-26-CV-04415-OLG** |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is the second 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Petitioner Raymundo Marquez Rocha.[1] (Dkt. No. 1). Upon review, the Court finds that the Petition should be and hereby is **DENIED** without service on Respondents.

**BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States without inspection in 2004, and was apprehended and detained by immigration authorities for the first time on April 24, 2026.[2] *See Marquez Rocha v. Lyons, et al.*, No. 5:26-CV-03019-OLG, Dkt. Nos. 1, 5 (W.D. Tex., pet. granted May 19, 2026). He was placed in removal proceedings and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as "an alien present … without being admitted or

[1] This matter was first assigned to the Honorable Xavier Rodriguez. However, it was transferred to the Undersigned by Order dated July 16, 2026. (Dkt. No. 3); *see* https://www.uxwd.uscourts.gov/judges-information/standing-orders/ (last visited Aug. 25, 2026).

[2] In this present matter, Petitioner contends he entered the United States in 2003. (Dkt. No. 1). This conflicts with the record information in his first-filed case. *Compare id., with Marquez Rocha v. Lyons, et al.*, No. 5:26-CV-03019-OLG, Dkt. Nos. 1, 5 (W.D. Tex., pet. granted May 19, 2026). However, Petitioner's entry date is irrelevant to the Court's disposition of his Petition.

paroled." *Id.*, Dkt. No. 5. Petitioner is presently detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his full removal proceedings.[3]

Following his detention, Petitioner, through counsel, filed his first habeas petition in this Court. *See Marquez Rocha*, No. 5:26-CV-03019-OLG, Dkt. No. 1. Upon review, this Court rendered an Order granting the petition and ordering that Petitioner be provided a bond hearing to determine whether he poses a danger or flight risk or that he be released. *Id.*, Dkt. No. 6. Petitioner received a bond hearing on May 21, 2026. *Id.*, Dkt. No. 7, Ex. A. The Immigration Judge ("IJ") determined Petitioner was a flight risk and denied bond. *Id.* Following the denial of bond, and this Court's denial of his motion to reopen, Petitioner filed his second habeas action in this Court on July 13, 2026—the present matter. (Dkt. No. 1). This time, Petitioner is no longer represented by counsel and has filed as a *pro se*. (*Id.*). Liberally construing the second-filed Petition as required given Petitioner's *pro se* status, the Court finds he is seeking an order compelling his release on the grounds that his continued detention following the denial of bond is inconsistent with his right to due process. (*Id.*); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding pleadings by *pro se* litigants must be construed liberally); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (same).

## JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g.*, *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2-4 (W.D. Tex. Dec.

[3] Although Petitioner was granted voluntary departure on June 22, 2026, his removal proceedings remain ongoing because he timely appealed to the Board of Immigration Appeals, and, thus, there is currently no administratively final order. *See* Automated Case Information (last visited Aug. 25, 2026).

15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate his alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6-7 (W.D. Tex. Oct. 21, 2025) (same).

## ANALYSIS

The petitioner bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts ... and dispose of the matter as law and

justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243). As noted above, Petitioner argues his continued detention violates his due process rights. (Dkt. No. 1). The Court disagrees.

First, Petitioner received all the process he was due as a result of his first habeas petition. *See Marquez Rocha*, No. 5:26-CV-03019-OLG, Dkt. No. 6. Indeed, he received a bond hearing, during which the IJ determined that he poses a flight risk. *Id.*, Dkt. Nos. 6, 7.[4] Thus, Petitioner has not been deprived of due process. *See, e.g.*, *Adedire v. Warden*, No. 26-CV-649, 2026 WL 983130, at *2–3 (W.D. Tex. Apr. 10, 2026); *Pun v. Noem*, No. 26-CV-534, 2026 WL 475297, at *2 (W.D. Tex. Feb. 18, 2026); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1068 (9th Cir. 2008) ("Prieto-Romero has not been denied procedural due process while in custody. He received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker.").

Second, while there are constitutional limitations on the permissible length of detention for aliens who have a final order of removal, that is because "post-removal-period detention, *unlike detention pending a determination of removability*, has no obvious termination point." *Demore v. Kim*, 538 U.S. 510, 529 (2003) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001)). "Detention during removal proceedings," however, "is a constitutionally permissible part of that process." *Id.* at 530. As such, any duration-based claim is unavailable here because Petitioner's detention has "a definite termination point: the conclusion of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *see Maramba v. Mukasey*, No. 08-CV-351, 2008 WL 1971378, at *4 (N.D. Tex. Apr. 28, 2008). Petitioner may be frustrated by the length of his detention, but his detention is only ongoing because he has not voluntarily departed and "he is waiting for a decision

[4] To the extent Petitioner may argue the bond hearing violated his due process rights by impermissibly placing the burden on him to demonstrate that he is neither a flight risk nor a danger to the community, he is mistaken. The Court has repeatedly held that "requiring Petitioner to bear the burden of proof at his bond hearing does not offend his right to due process." *See Rahimi v. Thompson*, No. 25-CV-1338, Dkt. No. 23 at 5–6 (W.D. Tex. Apr. 7, 2026).

on *his* appeal." *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024). He "has the keys in his pocket and can end his detention immediately by withdrawing his defense and returning to his native land." *Id.*

## CONCLUSION

Based on the foregoing, Petitioner Raymundo Marquez Rocha's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) must be and hereby is **DENIED**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on August 24, 2026.

ORLANDO L. GARCIA
United States District Judge